UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jeremy Payne,                                                    Civil No. 11-2067 (JRT/FLN)

          Plaintiff,

v.                                                                              **REPORT AND RECOMMENDATION**

Reiter & Schiller, P.A.,

          Defendant.

_____

Plaintiff, *Pro Se.*
Leah K. Weaver for Defendant.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on July 29, 2011 on Plaintiff's Petition for Temporary Injunction (ECF No. 2). On August 1, 2011, counsel for Defendant filed an affidavit and supporting documents pursuant to an order of this Court. (ECF No. 10.) On August 4, 2011, Plaintiff filed a document entitled "Response to Defendant's Answer to Request for Restraining [O]rder." (ECF No. 13.) The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons set forth below, this Court recommends that Plaintiff's Petition for Temporary Injunction (ECF No. 2) be **DENIED**.

## I. FINDINGS OF FACT

On November 12, 2004, Jeremy Payne ("Plaintiff") executed a mortgage for his home in Bayport, Minnesota ("Subject Property") in the amount of $170,400 in favor of Eagle Valley Bank, N.A. ("Eagle Valley"). (ECF No. 10, Ex. A.) The same day, Eagle Valley assigned its interest in

the mortgage to Washington Mutual Bank, F.A. ("Washington Mutual"). (ECF No. 10, Ex. B.) Later, on February 6, 2007, Washington Mutual assigned the mortgage to Wells Fargo Bank, N.A. ("Wells Fargo"). (ECF No. 10, Ex. C.) Plaintiff has since defaulted on the loan.

On May 13, 2011, Wells Fargo executed a power of attorney and authorized Reiter & Schiller, P.A. ("Defendant") to initiate foreclosure by advertisement proceedings. (ECF No. 10, Ex. D.) On June 24, 2011, Defendant sent Plaintiff a letter expressing its intent to begin foreclosure proceedings and advising Plaintiff of his right to reinstate his mortgage account "before any foreclosure sale." (ECF No. 10, Ex. E.) The letter warns in capital, bold text that the "communication is from a debt collector attempting to collect a debt . . . ." (ECF No. 10, Ex. E.) On July 7, 2011, Defendant served Plaintiff with a "Notice of Mortgage Foreclosure Sale," informing him that a sheriff's sale of the Subject Property was scheduled for August 23, 2011. (ECF No. 10, Ex. F.) The notice also bears the warning: "This is a communication from a debt collector." (ECF No. 10, Ex. F.)

On July 26, 2011, Plaintiff filed a complaint against Defendant alleging common law fraud, violations of the Fair Debt Collection Practices Act ("FDCPA"), and "extreme emotional distress." (ECF No. 1.) On the same day, he filed the instant Petition for Preliminary Injunction asking the Court to suspend the sheriff's sale of the Subject Property scheduled for August 23, 2011 and to prevent "[D]efendant from foreclosing on the property." (ECF No. 6 ¶ 20.)

## II. CONCLUSIONS OF LAW

The Eighth Circuit Court of Appeals has established the standard for the issuance of preliminary injunctions. *Dataphase Sys. Inc. v. CL Sys., Inc.,* 640 F.2d 109, 113 (8th Cir. 1981) (*en banc*). In evaluating a request for preliminary injunctive relief, a court must consider: (1) the threat

of irreparable harm to the movant; (2) the harm to be suffered by the moving party if injunctive relief is denied as compared to the effect on the non-moving party if the relief is granted; (3) the public interest; and (4) the probability that the moving party will succeed on the merits. *Id.* at 113; *see Sain v. Geske*, No. 07-4203, 2007 WL 3051424 at * 1 (D. Minn. Oct. 16, 2007). "The very nature of the inquiry on petition for preliminary relief militates against a wooden application of the probability [of success on the merits] test." *Dataphase*, 605 F.2d at 113. The moving party "faces a heavy burden of demonstrating that he is likely to prevail on the merits" if the probable harm to the opposing party outweighs the chance of irreparable injury to the movant should relief be denied. *Id.* Conversely, "where the balance of other factors tips decidedly toward" the movant, "a preliminary injunction may issue if [the] movant has raised questions so serious and difficult as to call for more deliberate investigation." *Id.*

It is likely that Plaintiff will suffer irreparable harm if the injunction is not granted and his home is sold at the sheriff's sale on August 23, 2011,[1] despite the subsequent redemption period. It is clearly more burdensome for Plaintiff to satisfy his entire outstanding mortgage debt and pay the full amount bid at sale than to pay the amount due in order to bring his mortgage current prior to the sheriff's sale. The Court also finds that the harm to be suffered by Plaintiff in the event of a sheriff's sale will be greater than any harm Defendant would suffer if the injunction were granted. In fact, Defendant will suffer no harm at all as the law firm itself has claimed to have no interest in the Subject Property. Additionally, "there is a significant public interest in maintaining home ownership." *Mayer v. Countrywide Home Loans*, 2008 WL 4527800 (D. Minn. Sept. 29, 2008);

---

[1] At the hearing, the Court suggested that Wells Fargo postpone the sheriff's sale for one month in order to work out a potential loan modification for Plaintiff's mortgage. Defense counsel has since indicated that she has communicated with her client, however, as of August 2, 2011, Defendant has not yet received authorization from Wells Fargo to postpone the sale.

*Gray v. Four Oak Court Ass'n*, 2007 WL 4284856 at *1 (D. Minn. Nov. 30, 2007).

Still, importantly, Plaintiff has failed to demonstrate any likelihood of success on the merits of his claims. The Court has concluded that the FDCPA is inapplicable to Defendant with respect to the mortgage foreclosure proceeding, with the exception of 15 U.S.C. § 1692(f)(6). *See Chomilo v. Shapiro, Nordmeyer & Zielke*, 2007 WL 2695795 at *4 (D. Minn. Sept. 12, 2007) ("[A]n enforcer of a security interest, such as a law firm foreclosing on mortgages of real property . . . , falls outside the ambit of the FDCPA except for the provisions of section 1692(f)(6)."). Plaintiff has defaulted on his mortgage, and Wells Fargo has initiated foreclosure proceedings through Defendant, its counsel. Despite its use of debt collection language in its correspondence, Defendant is enforcing a security interest on behalf of its client and does not appear to be engaging in debt collection activity. *See id.* at *6. Plaintiff's FDCPA claims will likely fail.[2] Moreover, Plaintiff has neither alleged facts that support his contention that Defendant made false representations in connection with his mortgage debt, nor has he otherwise substantiated his claim of fraud. It appears to the Court that Plaintiff will not succeed on the merits.

Having considered the four *Dataphase* factors and applied them to the facts of the instant case, the Court concludes that Plaintiff is not entitled to the relief he seeks. For the reasons articulated herein, his request for a temporary injunction must be denied.

### III.   RECOMMENDATION

---

[2]Defendant has submitted documents showing: that Eagle Valley transferred its interest in the mortgage to Washington Mutual by "Assignment of Mortgage," recorded in Washington County, MN on December 21, 2004 (ECF No. 10, Ex. B); and that Washington Mutual re-assigned the mortgage to Wells Fargo by "Assignment of Mortgage," recorded on February 14, 2007. (ECF No. 10, Ex. C.) Plaintiff has also submitted a letter he received from Wells Fargo Home Mortgage, dated April 29, 2011, from which it may be inferred that Wells Fargo claims to be the servicer, but not the owner, of Plaintiff's loan. (*See* ECF No. 13, Ex. B.) Despite what the evidence in the record may or may not suggest, Plaintiff has failed to raise "questions so serious and difficult as to call for more deliberate investigation" as to whether Defendant has attempted to dispossess him of the Subject Property without legal right to do so. *See* 15 U.S.C. § 1692f(6)(a).

Based upon the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff's Petition for Temporary Injunction (ECF No. 2) be **DENIED**.

DATED: August 5, 2011                              *s/ Franklin L. Noel*
                                                                         FRANKLIN L. NOEL
                                                                         United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **August 10, 2011**, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within **five (5) days** after service thereof.  All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **August 10, 2011** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.