UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| JEREMY PAYNE, | Civil No. 11-2067 (JRT/FLN) |
| Plaintiff, | |
| v. | **ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE** |
| REITER & SCHILLER, P.A., | |
| Defendant. | |

Jeremy Payne, 848 North Sixth Street, Bayport, Minnesota 55003, plaintiff *pro se*,.

Leah K. Weaver, Esq., **REITER & SCHILLER, P.A.**, 25 Dale Street North, St. Paul, Minnesota 55102, for defendant.

Before the Court is plaintiff Jeremy Payne's objection to the Report and Recommendation ("R&R") of United States Magistrate Judge Franklin L. Noel. (Objection to Magistrate's R&R, Aug. 10, 2011, Docket No 16). The R&R recommends the denial of Payne's Petition for Temporary Injunction. (R&R, Docket No 15.) Payne's July 26, 2011 complaint alleges common law fraud, violation of the Fair Debt Collection Practices Act ("FDCPA"), and extreme emotional distress stemming from defendant Reiter & Schiller's ("R&S") initiation of foreclosure proceedings on property subject to a mortgage Payne executed. (Compl., Docket No. 1.) On the same day of his complaint, Payne petitioned for a preliminary injunction to suspend the scheduled sheriff's sale of the subject property and to prevent foreclosure. (Docket No. 2.) This Court referred the

CASE 0:11-cv-02067-JRT-FLN Document 19 Filed 10/31/11 Page 2 of 8

matter to Magistrate Judge on July 27, 2011. (Order of Reference, Docket No. 3.) The Magistrate Judge found that the petition should be denied, and Payne timely objected to the R&R. R&S briefly responded. (Mem. in Supp. of R&R, Aug. 23, 2011, Docket No. 17.) The Court reviews *de novo* those portions of the Magistrate Judge's Report and Recommendation to which Payne objects. *See* 28 U.S.C. § 636(b)(1)(C); D. Minn. L.R. 72.2. For the reasons set forth below, the Court overrules Payne's objection and adopts the R&R in its entirety.

## BACKGROUND

Payne executed a mortgage for his home in Bayport, Minnesota in favor of Eagle Valley Bank on November 12, 2004. (Aff. of Rebecca Schiller, Aug. 1, 2011, Docket No. 10, Ex. A.) Eagle Valley then assigned its interest in the mortgage to Washington Mutual Bank, F.A. (*Id.*, Ex. B.) Washington Mutual then assigned the mortgage to Wells Fargo Bank, N.A. (*Id.*, Ex. C.) Following Payne's default on the loan, Wells Fargo executed a Power of Attorney authorizing R&S to conduct the foreclosure that is the subject of Payne's petition. (*Id.*, Ex. D.) R&S then sent Payne a letter informing him of the default and referral. (*Id.*, Ex. E.) The letter prominently states that the "communication is from a debt collector attempting to collect a debt . . . ." (*Id.*) Approximately two weeks later, Payne was served with a "Notice of Mortgage Foreclosure Sale," notifying him of a sheriff's sale of the property scheduled for August 23, 2011. (*Id.*, Ex. F.) This notice also prominently bears the statement "This is a communication from a debt collector." (*Id.*)

- 2 -

## ANALYSIS

In assessing a request for a preliminary injunction, the court must consider (1) the probability that the movant will succeed at trial, (2) the threat of irreparable injury to the movant, (3) the harm to other interested parties if the injunction is granted, and (4) the public interest.  *Dataphase Sys., Inc. v. CL Sys., Inc.*, 640 F.2d 109, 112-13 (8th Cir. 1981).  "No single factor is determinative" in balancing the equities; the Court considers the probability of success on the merits in light of the other factors.  *Id.* at 113.  "[W]here the balance of the other factors tips decidedly toward plaintiff[,]" the Court may issue a preliminary injunction if the movant "has raised questions so serious and difficult as to call for more deliberate investigation."  *Id.*

### I.   SUMMARY OF REPORT AND RECOMMENDATION

Applying the *Dataphase* standard, the Magistrate Judge found that while the latter three considerations for preliminary injunction favored the issuance of an injunction, Payne has failed to demonstrate any likelihood of success on the merits. (R&R at 3-4.) Specifically, the Magistrate Judge found that Payne may suffer irreparable harm absent the injunction because he would be forced to pay the full amount bid at the sheriff's sale, rather than pay the amount due to bring the mortgage current prior to the sale.  (R&R at 3.)  Second, the Magistrate Judge found that the harm to Payne would be greater than any visited upon R&S by issuing the injunction because R&S, by its own admission, has no interest in the property apart from enforcing its client's security interest.  (*Id.*)  Third, the R&R recognizes the substantial public interest in maintaining home ownership. (*Id.*)

Yet the Magistrate Judge found that Payne has failed to demonstrate any likelihood of success on the merits because (1) the FDCPA is inapplicable to R&S with respect to the mortgage foreclosure, and (2) Payne has not alleged facts supporting his claim that R&S made false or fraudulent representations in connection with the debt.

## II.   PAYNE'S OBJECTION

While Payne's objection obliquely disputes the R&R's application of the *Dataphase* factors, it largely reiterates the allegation set forth in the complaint that R&S has failed to prove that it is the agent of the authorized holder, rather than an "impostor" or "debt collector" subject to the FDCPA.  (*See* Objection to Magistrate's R&R, ¶¶ 1-2, 15.)  The FCPA prohibits "debt collectors" from making false or misleading statements in connection with debt collection.  15 U.S.C. § 1692e.  Payne states that the R&R "ignored the only issue before the court," namely the "standing of Defendant to act as agent for the true holder of the alleged note and the document purporting to establish a lien against the property."  (*Id.* ¶ 3.)

The heart of Payne's objection is that he never transacted with R&S, and, in light of "the amount of fraud by banks, mortgage companies, and loan servicers that has come to light in recent months," he is unsatisfied that R&S is authorized to enforce the note. (*Id.* ¶ 1.)  Payne further objects that R&S's failure to prove that it is authorized to enforce the debt "gives rise to the adverse inference that Defendant is . . . an impostor, attempting to collect a debt" without authorization, and thus subject to the FDCPA.  (Objection to Magistrate's R&R, ¶ 2.)  Importantly, Payne agrees that "any attorney representing a true

holder of a note would not be a debt collector" subject to the FDCPA. (*Id.* ¶ 17.) His objection is rather that R&S has failed to make that showing.

This objection reprises the central claim made in both the Complaint and Payne's response to R&S's Affidavit of August 1, 2011, to which copies of the mortgage and its subsequent assignments are appended. (Resp. to Def.'s Answer to Req. for Restraining Order, Aug. 5, 2011, Docket No. 13.) Payne's response attaches documents that he alleges raise doubt about R&S's authority to enforce the note. (*Id.*, Exs. A-H.) While Payne's objection appears to claim that he "will almost certainly prevail on the merits,"[1] it offers no argument and cites no caselaw supporting that conclusion. (Objection to Magistrate's R&R at 22-23.)[2]

### III.   *DATAPHASE* FACTORS AND PAYNE'S LIKELIHOOD OF SUCCESS ON THE MERITS

The Court agrees with the Magistrate Judge's application of the *Dataphase* standard to the facts of this case. Payne may suffer irreparable harm absent the injunction. Such harm would certainly be greater than any visited upon R&S by issuing the injunction. Moreover, the public has a significant interest in protecting home

---

[1] The Court assumes Payne's statement that "Defendant will almost certainly prevail on the merits" is intended to read "Plaintiff will almost certainly prevail on the merits."

[2] Payne's petition cites *Schiavo v. Schiavo*, 430 F.3d 1223, 1225 (11th Cir. 2005), for the proposition that "there is a substantial likelihood that plaintiff will prevail on the merits." (Pet. for Temp. Inj., ¶ 13.) The Eleventh Circuit's agreement with the district court's denial of Schiavo's petition on the ground that Schiavo had failed to demonstrate a likelihood of success on the merits does not help Payne. *See Schiavo*, 403 F.3d at 1226.

ownership. (*See* R&R at 3-4.) However, Payne has neither demonstrated a likelihood of success on the merits nor raised "questions so serious and difficult as to call for more deliberate investigation." *See Dataphase Sys., Inc.*, 640 F.2d at 113. The temporary injunction must be denied.

Payne's objection hinges on the claim that R&S is not authorized to enforce the debt. Yet the record raises no serious question about R&S's authority to act. The documentation attached to the Schiller Affidavit demonstrates that each "assignment of mortgage" – from Eagle Valley to Washington Mutual to Wells Fargo – was properly executed and duly recorded, and that Wells Fargo properly executed a Power of Attorney authorizing R&S to foreclose on the mortgage. (*See* Schiller Aff., Exs. A-D.)

### A.     Payne's FDCPA Claims

The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors . . . ." 15 U.S.C. § 1692(e). It provides *inter alia* that "[a] debt collector may not use false, deceptive, or misleading misrepresentation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Payne alleges that R&S "perpetrated a fraud" and violated various provisions of the FDCPA – namely sections 1692(e)(2), 1692(e)(5), and 1692(f) – by "attempting to collect a debt when no debt exists which Defendant has standing to collect." (Compl. ¶¶ 10-11.)[3]

---

[3] In finding Payne unlikely to succeed on the merits, the R&R cites *Chomilo v. Shapiro*'s conclusion that "enforcer[s] of a security interest, such as a law firm foreclosing on mortgages of real property . . . , fall[] outside the ambit of the FDCPA except for the provisions of section 1692(f)(6)." (R&R at 4 (citing *Chomilo v. Shapiro, Nordmeyer & Zielke*, No. 06-3103, 2007

(Footnote continued on next page.)

Even if the full provisions of the FDCPA apply to R&S, because the record shows that R&S is authorized to enforce the debt, its communications representing that it is authorized to foreclose on the mortgage cannot be deemed false or misleading. Moreover, the Court agrees with the R&R's conclusion that the documentation Payne submitted on August 4, 2011 fails to raise "serious and difficult questions" that call for more deliberate investigation as to R&S's authority to enforce the note. (R&R at 4 n.2.) Therefore, the Court finds that Payne's FDCPA claim is unlikely to succeed on the merits.

B. **Payne's Fraud and Emotional Distress Claims**

Payne's fraud claim is derivative of the authorization issue. If R&S is authorized to enforce the debt, then its communications to that effect are not fraudulent or misleading. Moreover, while neither the R&R nor Payne's objection addresses Payne's emotional distress claim, the allegation in the complaint that R&S subjected him to "severe emotional stress" by threatening loss of his home appears to be limited to R&S's letter informing him of default and the Notice of Mortgage Foreclosure Sale. (Compl. ¶¶ 16, 32.) This evidence does not suggest likely success on the merits because these

---

(Footnote continued.)

WL 2695795 at *4 (D. Minn. Sept. 12, 2007)).) The Court need not adopt *Chomillo*'s conclusion that enforcers of a security interest, such as R&S, fall outside most provisions of the FDCPA to embrace the R&R because the record does not reveal a likelihood of success on any of Payne's FDCPA claims. In any event, Payne concedes that an attorney representing a true holder of a note would not be a "debt collector" under the FDCPA. Objection to Magistrate's R&R, ¶ 17.)

documents give no indication of the extreme and outrageous conduct required to prove the tort of intentional infliction of emotional distress. *See, e.g.*, *Hubbard v. United Press Int'l, Inc.*, 330 N.W. 2d 428, 437 (Minn. 1983).

The Court notes that Payne's failings may be a result of imprecise pleading. R&S argues that some of Payne's claims properly lie against Wells Fargo. (Mem. in Opp. to Pet. for Temp. Inj. at 2-3.) Regardless, whether Payne might succeed on the merits were he proceeding against another entity is not a question before the Court. The Court adopts the R&R without prejudice to Payne's ability to bring any claims he might have against non-parties.

**ORDER**

Based on the foregoing, and the records, files, and proceedings herein, the Court **OVERRULES** plaintiff's objection [Docket No. 16] and **ADOPTS** the Report and Recommendation of the Magistrate Judge dated August 5, 2011 [Docket No. 15]. Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Petition for Temporary Injunction [Docket No. 2] is **DENIED**.

DATED:  October 31, 2011               ____s/ John R. Tunheim____
at Minneapolis, Minnesota.                     JOHN R. TUNHEIM
                                                        United States District Judge