UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jeremy Payne,   Civil No. 11-2067 (JRT/FLN)

    Plaintiff,

v.   **REPORT AND RECOMMENDATION**

Reiter & Schiller, P.A.,

    Defendant.

_____

Plaintiff, *Pro Se.*
Brian F. Kidwell and Kurt Trisko for Defendant.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on February 3, 2012 on Defendant Reiter & Schiller, P.A.'s Motion to Dismiss (ECF No. 27). The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons set forth below, this Court recommends the motion to dismiss be **GRANTED** and this action be dismissed with prejudice.

## I.   FINDINGS OF FACT

On November 12, 2004, Jeremy Payne ("Plaintiff") executed a mortgage for his home in Bayport, Minnesota ("Subject Property") in the amount of $170,400 in favor of Eagle Valley Bank, N.A. ("Eagle Valley"). (ECF No. 10, Ex. A.)[1] The same day, Eagle Valley assigned its interest

---

[1] In deciding a motion to dismiss under Rule 12(b)(6), the Court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). Documents showing the assignment and recording of the mortgage are appropriately considered as documents of public record.

in the mortgage to Washington Mutual Bank, F.A. ("Washington Mutual"). (ECF No. 10, Ex. B.) Later, on February 6, 2007, Washington Mutual assigned the mortgage to Wells Fargo Bank, N.A. ("Wells Fargo"). (ECF No. 10, Ex. C.) In 2010, Plaintiff filed for Chapter 7 bankruptcy, and an order discharging Plaintiff's debts, including his mortgage debt to Wells Fargo, was entered on June 9, 2010. *In re Jeremy M. Payne*, No. 10-31628 (Bankr. Minn. June 9, 2010), ECF No. 8. Plaintiff has since defaulted on his mortgage payments.

On May 13, 2011, Wells Fargo executed a power of attorney and authorized Reiter & Schiller, P.A. ("Defendant") to initiate foreclosure by advertisement proceedings on the Subject Property. (ECF No. 10, Ex. D.) On June 24, 2011, Defendant sent Plaintiff a letter expressing its intent to begin foreclosure proceedings and advising Plaintiff of his right to reinstate his mortgage account "before any foreclosure sale." (ECF No. 10, Ex. E.) On July 7, 2011, Defendant served Plaintiff with a "Notice of Mortgage Foreclosure Sale," informing him that a sheriff's sale of the Subject Property was scheduled for August 23, 2011. (ECF No. 10, Ex. F.)

On July 26, 2011, Plaintiff filed a complaint against Defendant alleging common law fraud, violations of the Fair Debt Collection Practices Act ("FDCPA"), and "extreme emotional distress." (ECF No. 1.) Defendant now moves for dismissal of all claims.

## II.   RELEVANT LEGAL STANDARD

In analyzing the adequacy of a complaint under Rule 12(b)(6), the Court must construe the complaint liberally and afford the plaintiff all reasonable inferences to be drawn from the allegations. *See Turner v. Holbrook*, 278 F.3d 754, 757 (8th Cir. 2002). For the purpose of a motion to dismiss, facts in the complaint are assumed to be true. *In re Navarre Corp. Sec. Litig.*, 299 F.3d 735, 738 (8th Cir. 2002). Nevertheless, dismissal under Rule 12(b)(6) serves to eliminate actions

which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity. *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). To avoid dismissal, a complaint must allege facts sufficient to state a claim as a matter of law and may not merely state legal conclusions. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must contain enough facts to state a claim for relief that is "plausible on its face," and a claim has facial plausibility only when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 570; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The plausibility standard is not akin to a "probability requirement," but it calls for more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 129 S. Ct. at 1949.

In sum, determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* Where the court finds that the facts alleged "do not permit the court to infer more than the mere possibility of misconduct," the pleader is not entitled to relief. *Id.*, citing Fed. R. Civ. P. 8(a)(2).

### III. CONCLUSIONS OF LAW

#### A. FDCPA Claims

Plaintiff alleges in Count I that Defendant violated various provisions of the Fair Debt Collection Practices Act ("FDCPA"), specifically sections 1692(e)(2), 1692(e)(5), and 1692(f), by using "false, deceptive and misleading representations" in connection with the collection of a debt and by failing to "show agency for a bona fide holder of a debt instrument to which Plaintiff was liable." (Compl. ¶¶ 11, 27.) Defendant argues that these claims must be dismissed because it is not

3

a debt collector within the meaning of the FDCPA. (Deft. Mem. at 3-4.) Defendant relies on *Chomilo v. Shapiro, Nordmeyer & Zielke, LLP*, No. 06-cv-3103, 2007 WL 2695795 at *3-4 (D. Minn. Sept. 12, 2007) for the proposition that as an enforcer of a security interest, Defendant is only a debt collector for purposes of one specific provision of the FDCPA, section 1292f(6).

The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The statute goes on to state that "for the purpose of section 1692f(6) of this title, [debt collector] *also* includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests." *Id.* (emphasis added).

Plaintiff rightly points out that there is a split of authority as to whether enforcers of security interests are "debt collectors" for purposes of section 1692f(6) only, or whether they are subject to the entire FDCPA if they meet the general definition of a "debt collector." *See Montgomery v. Huntington Bank*, 346 F.3d 693, 700-01 (6th Cir. 2003); *Kaltenbach v. Richards*, 464 F.3d 524, 529 (5th Cir. 2006). This Court agrees with the court in *Chomilo* that based on the plain language of the statute, enforcers of security interests are "debt collectors" only for one specific provision of the FDCPA, section 1692f(6). *See Chomilo*, 2007 WL 2695795 at *3-4; *James v. Ford Motor Credit Co.*, 47 F.3d 961, 962 (8th Cir. 1995) (stating that repossession companies are not generally subject to the FDCPA except for section 1692f(6)). "Such a purposeful inclusion for one section of the FDCPA implies that the term 'debt collector' does not include an enforcer of a security interest for any other section of the FDCPA." *Id.* at *3. A law firm foreclosing on a mortgage of real property is an enforcer of a security interest, and as such "falls outside the ambit of the FDCPA, except for

4

the provisions of section 1692f(6)." *Id.* at *6.

Here, there is no question Defendant was acting to enforce a security interest by foreclosing on a mortgage. The letter Defendant sent to Plaintiff, which Plaintiff alleges violated the FDCPA, states, "Your mortgage account has been referred to my office by Wells Fargo to start a foreclosure proceeding." (ECF No. 10, Ex. E.) Defendant points out that enforcement of the security interest was Wells Fargo's only option in this case. Defendant, acting on behalf of Wells Fargo, could not collect a debt in this case because Plaintiff discharged his debt in bankruptcy. *In re Jeremy M. Payne*, No. 10-31628 (Bankr. Minn. June 9, 2010), ECF No. 8. Because the lien on the Subject Property, but not the debt, survived the bankruptcy discharge, Defendant could only enforce the lien and could not bring a suit on the note for the purpose of obtaining a money judgment. The Court concludes that because Defendant was executing a foreclosure proceeding, rather than collecting a debt, its activities are subject only to section 1692f(6) of the FDCPA.

Section 1692f(6) prohibits the following conduct:

Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if–

(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;

(B) there is no present intention to take possession of the property; or

(C) the property is exempt by law from such dispossession or disablement.

15 U.S.C. § 1692f(6). Plaintiff has not alleged that Defendant, or its client Wells Fargo, had no intention to take possession of the property or that the property is exempt by law from dispossession. Plaintiff alleges that Defendant has no right to possession of the property.

The record shows that Defendant was acting on behalf of its client, Wells Fargo, who had a present right to foreclose. Plaintiff originally executed a mortgage on the subject property in favor

5

of Eagle Valley Bank, N.A. (ECF No. 10, Ex. A.) That mortgage was then assigned to Washington Mutual Bank, F.A., then later reassigned to Wells Fargo. (ECF No. 10, Ex. B, C.) Both assignments were recorded with the Washington County Recorder. *Id.* Wells Fargo is therefore the record holder of the mortgage on Plaintiff's property. The record also reveals that Plaintiff's debt obligation to Wells Fargo was discharged in bankruptcy. *In re Jeremy M. Payne*, No. 10-31628 (Bankr. Minn. June 9, 2010), ECF No. 8. Wells Fargo had a present right to foreclose on the Subject Property. Wells Fargo then executed a Power of Attorney authorizing Defendant to foreclose on the mortgage. Because Defendant has not violated 15 U.S.C. Section 1692f(6), the only provision of the FDCPA applicable to it, Defendant is entitled to have the FDCPA claims against it dismissed.

### B.     Fraud Claim

Defendant argues that Plaintiff has failed to plead his fraud claim with sufficient specificity. Federal Rule of Civil Procedure 9(b) requires that a party asserting a fraud claim must "state with particularity the circumstances constituting fraud . . . ." Fed. R. Civ. P. 9(b). The Eighth Circuit has stated that this means a Plaintiff must plead the "who, what, where, when and how" of the alleged fraud. *Drobnak v. Anderson Corp.*, 561 F.3d 778, 783 (8th Cir. 2009). In his complaint, Plaintiff alleges that Defendant committed fraud by demanding payment on a debt "without standing or capacity on the part of Defendant." (Compl. ¶ 30.) Plaintiff makes the conclusory allegation that Defendant's notice of foreclosure was fraudulent because Defendant had no standing to foreclose. Plaintiff does not provide any factual allegations in support of his argument that Defendant had no authority to initiate foreclosure proceedings, and the record reveals that Defendant did in fact have authority to foreclose. As described above, the record reveals that Plaintiff's debt was discharged in bankruptcy, that Wells Fargo was the legal and record holder of the mortgage on Plaintiff's property, and that Wells Fargo executed a Power of Attorney authorizing Defendant to foreclose on

the mortgage. (ECF No. 10, Ex. A-D.) Because the record shows that Defendant was authorized to foreclose on the property, its communications to that effect cannot be deemed fraudulent. Plaintiff's Complaint fails to state a claim of fraud upon which relief can be granted.

### C.     Emotional Distress Claim

Plaintiff alleges that Defendant caused him to suffer "severe emotional distress" by sending him a letter threatening to foreclose on his home. (Compl. ¶ 32.) The Minnesota Supreme Court has defined the tort of intentional infliction of emotional distress to require "extreme and outrageous" conduct that causes severe emotional distress. *Hubbard v. United Press Int'l, Inc.*, 330 N.W.2d 428, 438-39 (Minn. 1983). The Minnesota Supreme Court has further stated that actionable conduct must be "so atrocious that it passes the boundaries of decency and is utterly intolerable to the civilized community." *Id.* at 439 (quoting *Haagenson v. National Farmers Union Property and Casualty Co.,* 277 N.W.2d 648, 652 n.3 (Minn. 1979)). Plaintiff's allegation that Defendant sent him a letter notifying him that it had been retained to foreclose on his mortgage on behalf of the record holder of the mortgage does not rise to the level of "extreme and outrageous" conduct required to support a claim of intentional infliction of emotional distress. Plaintiff's claim for intentional infliction of emotional distress should be dismissed.

### IV.     RECOMMENDATION

Based upon the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1)     Defendant Reiter & Schiler, P.A.'s Motion to Dismiss (ECF No. 27) be **GRANTED**;

2)     This action be **DISMISSED with prejudice**; and

3)     **JUDGMENT BE ENTERED ACCORDINGLY**.

DATED: March 8, 2012                                        *s/ Franklin L. Noel*
                                                                                     FRANKLIN L. NOEL
                                                                                     United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **March 22, 2012**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **March 22, 2012** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.